CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 10 2007

JOHN F. CORCORAN, CLERK
BY: /s/ Brught
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JODY EUGENE CLEMENTS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00425 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| JUDGE FRANK W. SOMMERVILLE, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendants. | ) | United States District Judge |

Plaintiff, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. After reviewing the complaint, the court is of the opinion that even though the plaintiff has styled the action as a civil rights complaint, the claims are more appropriately filed as a petition for a writ of habeas corpus.[1] For reasons explained below, the court files the complaint in forma pauperis as a habeas action under 28 U.S.C. § 2254 and dismisses it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

A district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's claim concerns the fact or duration of the litigant's confinement and whether a claim of

---

[1] Plaintiff challenges the validity of his detention for contempt of court in the Juvenile and Domestic Relations Court of Culpeper, Virginia. He states that, on August 16, 2007, the "court denied [his] motion to amend/change sentence."

1

damages is ancillary to and dependent on a favorable resolution of such a claim. Preiser v. Rodriguez, 411 U.S. 475 (1973); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). If the core of the complaint does concerns the fact or length of confinement, then the proceeding is in habeas. In this case, plaintiff is clearly contesting his continued confinement on charges of contempt before the Juvenile and Domestic Relations Court of Culpeper, Virginia, claiming that he should "be relieved of [his] sentence due to double jeopardy clause." Accordingly, Clements' exclusive initial cause of action is in habeas.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir.), cert. denied, 439 U.S. 970 (1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519 (1972). Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust state remedies in one of three ways, depending on the nature of the claims one is raising. First, one can file a direct appeal to the Virginia Court of Appeals, see Va. Code § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, one can attack one's conviction collaterally by filing a state habeas

petition with the circuit court where one was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A); § 17.1-406(B). Finally, one can exhaust one's remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route one chooses to follow, it is clear that one ultimately must present one's claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994) (denying certain claims on exhaustion principles where claims were not raised on direct appeal to state's highest court).

In this case, the petition offers no indication whatsoever that the claims have been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Moreover, given that he states that the Juvenile and Domestic Relations Court denied his "motion to amend/change sentence" on August 16, 2007, and that the instant petition is signed and dated September 3, 2007, it is clear that petitioner has not exhausted his state remedies. Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition by this court, pursuant to Rule 4.[2, 3]

---

[2] Petitioner may still pursue federal habeas claims if petitioner is unsuccessful in obtaining relief after presenting such claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that the time to file state or federal habeas petitions is limited by statute. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

[3] The court notes that the only relief petitioner seeks is that this court "order Judge Frank W. Sommerville to hear [his] case. . . ." Federal courts have no general power to compel actions by state courts. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969).
    Moreover, Judge Sommerville is the only defendant Clements names in his complaint under 42 U.S.C. § 1983. Judicial officers are absolutely immune from suit for a deprivation of civil rights brought under 42 U.S.C. § 1983 for acts committed within their judicial discretion, even if the acts were allegedly done either maliciously or corruptly. Pierson v. Ray, 386 U.S. 547, 554 (1967); King v. Myers, 973 F.2d 354, 356 (4th Cir. 1992).
(continued...)

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 10th day of September, 2007.

_____
United States District Judge

---

³(...continued)
Furthermore, Section 309(c) of the Federal Courts Improvement Act of 1996 ("FCIA") bars injunctive relief in any section 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." FCIA, Pub. L. No. 104-317, 110 Stat. 3847 (1996); Wilner v. Frey, 421 F.Supp.2d 913 n.18 (2006) (citing Holbert v. Cohen-Gallet, 2006 U.S. Dist. LEXIS 1869 (E.D. N.Y. 2006)).

4

Case 7:07-cv-00425-GEC-mfu   Document 4   Filed 09/10/07   Page 4 of 4   Pageid#: 10